DANIEL S. GLASS   SBN 140819
ATTORNEY AT LAW
641 Fulton Ave., Suite 200
Sacramento, CA 95825
(916) 483-1971
Facsimile:   (916) 483-1371
e-mail: dsglawyer@sbcglobal.net

ATTORNEY FOR PLAINTIFF
JUDY DENBOSKE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| JUDY DENBOSKE, | CASE NO. |
| Plaintiff, | COMPLAINT FOR BENEFITS UNDER ERISA (29 U.S.C. Sec. 1132); |
| v. | EQUITABLE RELIEF; |
| LIFE INSURANCE COMPANY OF NORTH AMERICA. | |
| Defendants. _____/ | |

Plaintiff JUDY DENBOSKE, hereby alleges and sues defendants as follows:

**NATURE OF ACTION**

1)   This is an action for long term disability benefits under a policy of insurance issued by defendant LIFE INSURANCE COMPANY OF NORTH AMERICA (LINA) to the qualified employee benefit plan of Stanford Hospitals and Clinics. Said policy was issued pursuant to the Employee Retirement Income Security Act of 1974, (ERISA) as amended, 29 U.S.C. section 1001, et. seq.

\\\

\\\

**COMPLAINT FOR BENEFITS AND
EQUITABLE RELIEF UNDER ERISA** -1-

**JURISDICTION AND VENUE**

2) This court has subject matter jurisdiction pursuant to 29 U.S.C. section 1132(e) and 28 U.S.C. section 1331.

3) Venue is proper in this district pursuant to 29 U.S.C. section 1132(e)(2) because defendant LINA is an insurance company with its principal place of business in Philadelphia, Pennsylvania, and is licensed to, and does, conduct insurance business in this judicial district. In addition, plaintiff JUDY DENBOSKE, who is the beneficiary of the insurance policy issued by defendant LINA, resides in this judicial district.

**GENERAL ALLEGATIONS**

4) At all pertinent times mentioned herein plaintiff DENBOSKE was employed by Stanford Hospitals and Clinics in, and before, the calendar year 1993. She ceased working due to disability as of March 27, 1993.

5) At all pertinent times the employee benefit plan of Stanford Hospitals and Clinics, through the purchase of insurance from LINA, provided long term disability benefits to the Stanford Hospital and Clinics employees such as DENBOSKE.

6) On, or about, September 27, 1993, after the required 180 day Elimination Period under LINA policy number LK0006761, defendant LINA began paying DENBOSKE her long term disability benefits as it had determined that plaintiff DENBOSKE met the policy's definition of "disability."

7) After 24 months of the payment of policy benefits by LINA, the policy's definition of "disabled" changed. In order for DENBOSKE to continue to receive her long term disability benefits after 24 months, she had to remain disabled from "any occupation" as opposed to her "own occupation" which was the standard for her initial receipt of benefits.

8) On, or about, September 27, 1995, LINA determined that DENBOSKE was disabled from "any occupation" and continued to pay DENBOSKE her monthly long term disability benefits after September, 1995.

**COMPLAINT FOR BENEFITS AND EQUITABLE RELIEF UNDER ERISA**                                                                                  -2-

9) In fact, over the next sixteen and a half **years**, for each of the next 198 months, LINA paid DENBOSKE her long term disability benefits of $557/month.

10) Over the past nineteen and a half years, the health and medical condition of DENBOSKE has deteriorated. She continues to be wholly and totally disabled under any reasonable definition of said term.

11) DENBOSKE was awarded Social Security Disability more than fifteen years ago based on a determination by the Social Security Administration that she was, and remains, unable to engage in any gainful employment.

12) DENBOSKE continues to receive Social Security Disability benefits to date.

13) As of March 1, 2012, despite the fact that LINA had been paying long term disability benefits to DENBOSKE for the past sixteen and a half years, and despite the fact that DENBOSKE's health had not improved, and in fact had further deteriorated, LINA wrongfully and without justification terminated DENBOSKE's $557/month long term disability benefit.

14) DENBOSKE has not received her long term disability benefits since March, 2012. To date, she is owed 27 months of back benefits, or a total of $15,039.00.

15) After LINA first denied DENBOSKE's monthly long term disability benefit, DENBOSKE submitted an administrative appeal and additional medical information which supported her claim for long term disability benefits. In response, on October 4, 2012, LINA reaffirmed its decision to deny, and not reinstate DENBOSKE's long term disability benefits.

16) Thereafter, DENBOSKE submitted additional information and again requested review of the denial of her long term disability benefits. On April 15, 2013, LINA again denied DENBOSKE's request for the reinstatement of her long term disability benefits.

\\\

\\\

**COMPLAINT FOR BENEFITS AND EQUITABLE RELIEF UNDER ERISA** -3-

17)   Thereafter, DENBOSKE submitted additional medical information and a letter from her physician confirming her disability.  Again, and finally, on August 9, 2013, LINA fully and finally denied DENBOSKE's request for the reinstatement of her long term disability benefits. At that time DENBOSKE was unequivocally given a right to bring a legal action for benefits pursuant to the Employee Retirement Income Security Act.

**FIRST CLAIM FOR RELIEF**
**LONG TERM DISABILITY BENEFITS UNDER 29 U.S.C. sec. 1132(a)(1)(B)**

18) Plaintiff repeats, realleges and incorporates by reference as though fully set forth herein paragraphs 1 through 17 above.

19)   Plaintiff has complied with all the provisions of the Stanford Hospitals and Clinics Employee Benefit Plan and the LINA policy of long term disability insurance.

20)   Plaintiff has fully presented the past due long term disability claims to defendant and such claims have been denied.

21)  Plaintiff has complied with, and exhausted, all required administrative reviews and appeals of these claims through defendant.

WHEREFORE, plaintiff prays for relief as more fully set forth below.

**SECOND CLAIM FOR RELIEF**
**EQUITABLE RELIEF UNDER sec. 29 U.S.C. 1132(a)(3)**

22)  Plaintiff repeats, realleges and incorporates by reference as though fully set forth herein paragraphs 1 through 17 above.

23)  Defendant LINA, acting individually and thorough its parent company, CIGNA, has wrongfully withheld long term disability and has refused to pay long term disability benefits due and owing to plaintiff by virtue of defendant's wrongful denial of plaintiff's claims in the approximate amount of $15,039.00 through June 1, 2014, and continuing at the rate of $557/month.

**COMPLAINT FOR BENEFITS AND**
**EQUITABLE RELIEF UNDER ERISA**                                                           -4-

24) As a result of defendant's wrongful denial of such benefits, defendant has withheld, and continues to hold, funds to which plaintiff is entitled.

25) Pursuant to the equitable power of this court, plaintiff seeks a constructive trust be created, the purpose of such trust being to hold for plaintiff the funds wrongfully withheld from plaintiff by defendant.

WHEREFORE, plaintiff prays for relief as more fully set forth below.

### THIRD CLAIM FOR RELIEF
### DECLARATORY AND FURTHER EQUITABLE RELIEF
### UNDER 29 U.S.C. sec. 1132(a)(3)

26) Plaintiff repeats, realleges and incorporates by reference as though fully set forth herein paragraphs 1 through 17 above.

27) An actual controversy exists between plaintiff and defendants concerning their respective rights with respect to LINA's Long Term Disability policy # LK-0006761 issued to Stanford Hospitals and Clinics for the benefit of plaintiff.

28) Such controversy is continuing, and will continue in the future in that plaintiff claims she is entitled to $15,039.00 accrued between March, 2012 and June, 2014, and continuing monthly under Long Term Disability Policy #LK-0006761 issued by LINA, and defendant denies owing the claimed benefits.

29) This controversy will continue unless resolved in this litigation.

WHEREFORE, plaintiff prays for relief as more fully set forth below.

### PRAYER FOR RELIEF ON EACH CLAIM FOR RELIEF

**FIRST CLAIM FOR RELIEF:**

1) For a judgment awarding plaintiff unpaid and owing long term disability benefits in the amount of no less than $15,039.00;

2) For attorneys fees pursuant to 29 U.S.C. 1132(g);

3) For prejudgement interest pursuant to 29 U.S.C. 1132(a)(1)(B);

4) For costs of suit; and

**COMPLAINT FOR BENEFITS AND EQUITABLE RELIEF UNDER ERISA** -5-

5) For such other and further relief as the court may deem just and proper.

**SECOND AND THIRD CLAIMS FOR RELIEF:**

1) For a judgment awarding plaintiff unpaid and owing long term disability benefits in the amount of no less than $15,039.00 and increasing at the rate of $557/month after June, 2014;

2) For attorneys fees pursuant to 29 U.S.C. 1132(g);

3) For prejudgement interest pursuant to 29 U.S.C. 1132(a)(1)(B);

4) For costs of suit; and

5) For such other and further relief as the court may deem just and proper.

Dated:   June 2, 2014

\_\_\_\_\_/s/ Daniel S. Glass_____
DANIEL S. GLASS, Attorney for
plaintiff JUDY DENBOSKE

**COMPLAINT FOR BENEFITS AND
EQUITABLE RELIEF UNDER ERISA**                                                          -6-